IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MINH VU HOANG, et al.          :

    v.                         :   Civil Action No. DKC 12-1393

GARY ROSEN, et al.             :

**MEMORANDUM OPINION**

On or about April 27, 2012, Plaintiffs Minh Vu Hoang and Thanh Hoang were provided notice that a foreclosure sale of their home, located at 9101 Clewerwall Drive in Bethesda, Maryland ("the Property"), was scheduled to take place on May 14, 2012. Approximately ten days later, they commenced this action against Gary Rosen, the chapter 7 trustee in their ongoing bankruptcy proceeding; Cindy Diamond and Bruce Brown, the substitute trustees; Fay Servicing, LLC, the loan servicer; Citibank, N.A., as trustee for CMLTI Asset Trust, the holder of a promissory note secured by a deed of trust against the Property; and Citigroup Global Markets Realty Corporation, a predecessor in interest of the current note holder. The complaint alleged, *inter alia*, violations of the Fair Debt Collection Practices Act ("FDCPA"), and sought to enjoin the

foreclosure sale and quiet title to the Property.[1]  Concomitantly with the complaint, Plaintiffs filed a motion for temporary restraining order, requesting an emergency hearing in advance of the foreclosure sale.  (ECF No. 2).[2]

The court issued a memorandum opinion and order on May 10, 2012, construing a letter attached to the complaint as a motion for leave to proceed *in forma pauperis*, and, so construed, granted that motion and dismissed the complaint, *sua sponte*, pursuant to 28 U.S.C. § 1915(e).  (ECF No. 3).  It explained:

> The complaint, which is inartfully drafted, appears to relate largely to the underlying promissory note.  While

---

[1] Plaintiffs cited diversity of citizenship and federal question jurisdiction as the jurisdictional bases of their complaint.  The parties are not diverse, however, as the plaintiffs and multiple defendants are Maryland residents.

[2] In addition to actively defending in the state court foreclosure proceeding, one or both plaintiffs were prosecuting, at around the same time, an adversary proceeding in the United States Bankruptcy Court for the District of Maryland (Bankr. No. 12-00224-TJC) and a civil case in the Circuit Court for Montgomery County, which was later removed to the bankruptcy court (Bankr. No. 12-00330-TJC), against the same or similar parties related to similar claims.  The adversary complaint in case No. 12-00224-TJC was dismissed on or about November 16, 2012, for lack of subject matter jurisdiction.  (Bankr. No. 12-00224-TJC, ECF No. 103).  The other adversary proceeding, No. 12-00330-TJC, was remanded to the circuit court on August 21, 2012.  (Bankr. No. 12-00330-TJC).  According to publicly available records, on January 18, 2013, the Circuit Court for Montgomery County dismissed Plaintiffs' complaint, with prejudice, as to Ms. Diamond, Mr. Brown, Fay Servicing, Citigroup Global Markets Realty Corporation, and Citibank. N.A., as trustee for CMLTI Asset Trust, leaving Mr. Rosen as the sole remaining defendant.  Plaintiffs' motion for summary judgment was denied on February 7, 2013.

>Plaintiffs acknowledge that they executed the deed of trust on May 4, 1990, they contend that they never signed the note, and that the document filed in circuit court, which bears their signatures, is a forgery. On this basis, they challenge the authority of the substitute trustees to proceed with the sale, and seek, *inter alia*, rescission of the deed of trust on the theory that because the promissory note is invalid, "the Deed of Trust is null and void and without legal force[.]"  (ECF No. 1, at 9).
>
>. . . .
>
>Given the fact that various note holders have, since 2005, attempted to foreclose on the Property [as evidenced by filings in the bankruptcy case] and that Plaintiffs apparently made payments on the debt evidenced by the note for approximately fifteen years before they filed for bankruptcy, their present assertion that the note is invalid is dubious, at best. Nevertheless, their federal claims for violation of the FDCPA cannot be sustained because they are untimely.  Pursuant to 15 U.S.C. § 1692k(d), "[a]n action to enforce liability created by [the FDCPA] may be brought in any appropriate United States district court without regard to the amount in controversy . . . within one year from the date on which the violation occurred." Here, the alleged FDCPA violations appear to have occurred at around the time the foreclosure action was commenced in the Circuit Court for Montgomery County. According to publicly available records, the foreclosure action was reopened by the substitute trustees on February 17, 2011; Mr. and Mrs. Hoang were served by no later than March 1; and they both filed answers by March 24.  Thus, Plaintiffs were required to bring their FDCPA claims by no later than March 2012.  Because they did not commence this action until on or about May 7, 2012, their federal claims are time-barred.

3

(ECF No. 3, at 6-8 (internal footnote omitted)).[3]  On the same date, the case was closed.

The court subsequently learned that an unknown individual paid the filing fee and filed an amended temporary restraining order in the northern division clerk's office on May 10. The amended motion was then transferred to the southern division clerk's office and docketed in the closed case on May 11.  On that date, the court issued an order reopening the case, vacating the prior order, and denying the amended motion for a temporary restraining order.  Vacatur was warranted because "the filing fee was paid prior to the time the initial memorandum opinion and order was issued," thus "Plaintiffs should not have been permitted to proceed *in forma pauperis*" and "the court was without authority to dismiss the case, *sua sponte*."  (ECF No. 5, at 2).  As to the amended temporary restraining order, the court observed that "[t]he only statement regarding the likelihood of success on the merits is the conclusory allegation that [Plaintiffs] 'have [a] strong likelihood of success of their claims, and therefore it is very likely that Plaintiffs could prevail on their arguments.'" (*Id*. at 3 (quoting ECF No. 4 ¶ 4)).  Noting that the applicable standard requires the movant to make a "clear showing that it will likely succeed on the merits

---

[3] The court declined to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims.

at trial," the court found that "Plaintiffs have not made that showing here, nor could they":

> To the extent that their claims are not barred by the doctrine of *res judicata* – according to publicly available records, they have challenged the foreclosure sale in the Circuit Court for Montgomery County, the Court of Special Appeals of Maryland, and the United States Bankruptcy Court for the District of Maryland – or vulnerable to attack by affirmative defense, they appear to be wholly meritless.

(*Id.* at 3-4).

Nevertheless, the case proceeded. On June 4, 2012, Mr. Rosen filed a suggestion of referral to bankruptcy, arguing that the case should be consolidated with the adversary proceeding in Bankr. No. 12-00224. (ECF No. 11). In response, Plaintiffs filed a motion for voluntary dismissal of Mr. Rosen pursuant to Federal Rule of Civil Procedure 41(a)(1). (ECF No. 16).[4]

---

[4] Federal Rule of Civil Procedure 41(a)(1)(A)(i) provides that "the plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." *See also Redding v. Ameriprise Auto & Home Ins.*, Civ. No. DKC 11-3141, 2012 WL 1268327, at *3 (D.Md. Apr. 13, 2012) (Despite the word "action" in the rule, a majority of courts have permitted voluntary dismissal of fewer than all defendants pursuant to Rule 41(a)). Because Mr. Rosen had not answered the complaint or filed a motion for summary judgment, no court order was necessary to procure dismissal. Accordingly, this motion will be denied and the clerk will be directed to amend the docket to reflect that Mr. Rosen was terminated as a defendant on July 2, 2012.

On June 19, the substitute trustees filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that the FDCPA claim is time-barred and that all claims are barred by the doctrine of *res judicata*. (ECF No. 13).  On July 5, Mrs. Hoang, purportedly on behalf of herself and her husband, filed a response in opposition to that motion (ECF No. 17), followed, four days later, by a "First Amended" complaint (ECF No. 18).  With the exception of Mr. Rosen, the amended complaint names the same parties as the original, and similarly challenges the authority of the substitute trustees or other defendants to act, but includes numerous allegations of misconduct occurring within the foreclosure proceeding and, ostensibly, within the limitations period.  On July 10, Defendants Fay Servicing, LLC, Citigroup Global Markets Realty Corporation, Citibank, N.A., and CMLTI Asset Trust filed essentially a verbatim copy of the motion to dismiss previously filed by the substitute trustees.  (ECF No. 21).

On July 11, the court issued an order directing Thanh Hoang "to file, within fourteen (14) days, one or more documents containing his original signature and reflecting his intent to join in the response to the motion to dismiss (ECF No. 17) and amended complaint (ECF No. 18) filed by Minh Vu Hoang." (ECF No. 23, at 2).  Mr. Hoang complied on July 20, by filing a document "certify[ing] that he has joined his wife . . . in

6

filing documents no. 17 and no. 18." (ECF No. 36). Thus, the "amended" pleading filed on July 9 – *i.e.*, within twenty-one days after service of the initial motion to dismiss on June 19, *see* Fed.R.Civ.P. 15(a)(1)(B) – is the operative pleading in this case.[5]

As noted, the amended complaint essentially challenges the authority of the substitute trustees to foreclose on the Property because the party that appointed them was not a proper note holder and, therefore, had no authority to make the appointment. Thus, according to Plaintiffs, virtually every act of the substitute trustees or other defendants in the foreclosure proceeding constitutes a violation of the FDCPA, which "forbids the use of any false, deceptive, or misleading representation or means in debt collection and provides a non-exhaustive list of prohibited conduct." *United States v. Nat'l Fin. Servs., Inc.*, 98 F.3d 131, 135 (4th Cir. 1996).

Plaintiffs' claims in this regard are time-barred.[6] The FDCPA's statute of limitations provides that "[a]n action to

---

[5] Plaintiffs subsequently filed two "supplemental amended" pleadings (ECF Nos. 33, 37) without first seeking leave of the court, as required by Federal Rule of Civil Procedure 15(a). They will not be considered.

[6] The statute of limitations is an affirmative defense that a party typically must raise in a pleading under Fed.R.Civ.P. 8(c), rather than in a motion pursuant to Rule 12(b)(6). Dismissal is proper, however, "when the face of the complaint clearly reveals the existence of a meritorious affirmative

enforce any liability . . . may be brought in any appropriate United States district court . . . within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). While Plaintiffs have alleged conduct occurring after May 7, 2011 – *i.e.*, one year prior to the date their original complaint was filed – the limitations period for FDCPA claims commences "from the date of the first violation, and subsequent violations of the same type do not restart the limitations period." *Fontell v. Hassett*, 870 F.Supp.2d 395, 404 (D.Md. 2012); *see also Alston v. Cavalry Portfolio Servs., LLC*, Civ. No. 12-03589, 2013 WL 665036, at *3 (D.Md. Feb. 22, 2013); *Reid v. New Century Morg. Corp.*, Civ. No. 12-2083, 2012 WL 6562887, at *4 (D.Md. 2012). As noted, the base FDCPA violations alleged by Plaintiffs "occurred at around the time the foreclosure action was commenced in the Circuit Court for Montgomery County," which was on or about February 17, 2011. (ECF No. 3, at 8). Thus, "Plaintiffs were required to bring their FDCPA claims by no later than March 2012," when they were served and responded in

---

defense." *Brooks v. City of Winston-Salem*, 85 F.3d 178, 181 (4th Cir. 1996); *see also* 5B Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1357, at 714 (3d ed. 2004) ("A complaint showing that the governing statute of limitations has run on the plaintiff's claim for relief is the most common situation in which the affirmative defense appears on the face of the pleading and provides a basis for a motion to dismiss under Rule 12(b)(6)."). The face of Plaintiffs' first amended complaint clearly reveals the merit of Defendants' limitations defense; thus, dismissal on that ground is proper.

the foreclosure action. (*Id*.). Because they did not commence this action until May 7, 2012, their federal claims are time-barred.[7]

Pursuant to 28 U.S.C. § 1367(c), the court has discretion to retain or dismiss nonfederal claims where, as here, the federal basis of the action is no longer applicable. District courts in the Fourth Circuit "enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished." *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995). In deciding whether to exercise discretion, courts consider factors such as the "convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." *Id*. (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1998)). Ultimately, supplemental jurisdiction

---

[7] The record is insufficient to permit a finding that Plaintiffs' claims are also barred by the doctrine of *res judicata*, but to the extent that Plaintiffs complain of conduct occurring in the foreclosure proceeding itself, the *Rooker-Feldman* likely serves as an additional bar. The *Rooker-Feldman* doctrine bars "lower federal courts from considering not only issues raised and decided in the state courts, but also issues that are 'inextricably intertwined' with the issues that were before the state court.'" *Washington v. Wilmore*, 407 F.3d 274, 279 (4th Cir. 2005) (quoting *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983)). Here, the docket of the state court foreclosure proceeding demonstrates that Plaintiffs challenged the foreclosure process at virtually every conceivable juncture. Nevertheless, the Property was sold at a foreclosure sale and the sale was ratified by the circuit court. This court has no authority to consider allegations related to the propriety of that sale.

"is a doctrine of flexibility, designed to allow courts to deal with cases involving pendent claims in the manner that most sensibly accommodates a range of concerns and values." *Id.* (quoting *Carnegie-Mellon Univ.*, 484 U.S. at 350).

To the extent that it could exercise jurisdiction over Plaintiffs' remaining state law claims, the court will decline to do so.  Accordingly, Defendants' motions to dismiss will be granted; Plaintiffs' motion for voluntary dismissal of Mr. Rosen will be denied; and all other pending motions will be denied as moot.[8]

A separate order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge

---

[8] These motions are: (1) Mrs. Hoang's motion for an order to participate in hearings by phone (ECF No. 7); (2) Mr. Rosen's suggestion of referral to the bankruptcy court (ECF No. 11); (3) Plaintiffs' motions for default judgment (ECF Nos. 34, 35); (4) Defendants' motion to strike (ECF No. 39); and (5) Plaintiffs' motion for an extension of time (ECF No. 41).