IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MINH VU HOANG, et al.　　　　　　　　:

　　　v.　　　　　　　　　　　　　　　: Civil Action No. DKC 12-1393

GARY ROSEN, et al.　　　　　　　　　:

**MEMORANDUM OPINION AND ORDER**

On or about April 27, 2012, Plaintiffs Minh Vu Hoang and Thanh Hoang were given notice that a foreclosure sale of their home, located at 9101 Clewerwall Drive in Bethesda, Maryland ("the Property"), was scheduled to take place on May 14, 2012. Approximately ten days later, they commenced this action, proceeding *pro se*, against Gary Rosen, the chapter 7 trustee in their ongoing bankruptcy proceeding; Cindy Diamond and Bruce Brown, the substitute trustees; Fay Servicing, LLC, the loan servicer; Citibank, N.A., as trustee for CMLTI Asset Trust, the holder of a promissory note secured by a deed of trust against the Property; and Citigroup Global Markets Realty Corporation, a predecessor in interest of the current note holder. The complaint alleged, *inter alia*, violations of the Fair Debt Collection Practices Act ("FDCPA"), and sought to enjoin the foreclosure sale and quiet title to the Property.

Shortly after the substitute trustees moved to dismiss, arguing that the FDCPA claim was time-barred and that all claims were barred by the doctrine of *res judicata*, Plaintiffs filed an amended complaint, which omitted Mr. Rosen as a defendant but otherwise named the same parties as the original and similarly challenged the authority of the substitute trustees to act, adding allegations of misconduct occurring within the foreclosure proceeding and, ostensibly, within the limitations period. On July 10, the remaining defendants filed essentially a verbatim copy of the motion to dismiss previously filed by the substitute trustees.

By a memorandum opinion and order issued February 28, 2013, the court granted Defendants' motion, finding that Plaintiffs' FDCPA claim was time-barred. Specifically, the court explained:

> The FDCPA's statute of limitations provides that "[a]n action to enforce any liability . . . may be brought in any appropriate United States district court . . . within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). While Plaintiffs have alleged conduct occurring after May 7, 2011 – *i.e.*, one year prior to the date their original complaint was filed – the limitations period for FDCPA claims commences "from the date of the first violation, and subsequent violations of the same type do not restart the limitations period." *Fontell v. Hassett*, 870 F.Supp.2d 395, 404 (D.Md. 2012). . . . As noted, the base FDCPA violations alleged by Plaintiffs "occurred at around the time the foreclosure action was commenced in the Circuit Court for Montgomery County," which was on or

2

about February 17, 2011. . . . Thus, "Plaintiffs were required to bring their FDCPA claims by no later than March 2012," when they were served and responded in the foreclosure action. (*Id*.). Because they did not commence this action until May 7, 2012, their federal claims are time-barred.

(ECF No. 55, at 8-9). The court declined to exercise its discretion to consider any supplemental claims.

On December 3 – over nine months after the case was dismissed – Plaintiffs filed the pending motion to reopen and to amend their complaint. (ECF No. 57).

Although Plaintiffs do not identify the legal basis of their motion, it could only be cognizable under Federal Rule of Civil Procedure 60(b). *See Peamon v. Gradet*, Civ. No. WDQ-12-1241, 2012 WL 3240462, at *1 (D.Md. Aug. 2, 2012) ("A motion to alter or amend filed within 28 days of the judgment is analyzed under Rule 59(e); if the motion is filed later, Rule 60(b) governs."). Pursuant to Rule 60(b), a party may obtain relief from a judgment or final order based upon:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;

3

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed.R.Civ.P. 60(b). Motions for reconsideration are "an extraordinary remedy which should be used sparingly." *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998).

Plaintiffs do not address any of the grounds for reconsideration set forth in Rule 60(b). Rather, they merely argue that the complaint was timely filed, by application of the discovery rule, because they "had no reason to know of the time barred violations until after August 20, 2012, the date Defendants delivered by mail questionable loan documents." (ECF No. 57, at 2). Thus, according to Plaintiffs, "they [were] required to bring their action within one year from the date that the alleged violation of [the] FDCPA occurred and the calculation of the time period begins on the day after the alleged violation occurred, August 20, 2012." (*Id*. at 3).

Plaintiffs ignore that they filed their original complaint, alleging FDCPA violations, in May 2012 – *i.e.*, approximately three months prior to the date they now claim they were on notice. Moreover, Rule 60(b) does not provide an opportunity

for Plaintiffs to raise new arguments they could have raised in their initial motion papers, but did not. *See Johnson v. Montminy*, 289 F.Supp.2d 705, at 705 (D.Md. 2003) ("The rule does not authorize a motion merely for reconsideration of a legal issue . . . [or to advance] new arguments or supporting facts which were otherwise available for presentation when the original . . . motion was briefed") (internal marks omitted).

Accordingly, it is this 5th day of December, 2013, by the United States District Court for the District of Maryland, ORDERED that:

1. Plaintiffs' motion to reopen and amend (ECF No. 57) BE, and the same hereby IS, DENIED; and

2. The clerk is directed to transmit copies of this order to counsel for Defendants and directly to Plaintiffs.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge